GEORGE GARDNER, Administrator of the Estate of Asa Gardner, Deceased, Appellant, v. A. H. LINDEMAN, Respondent.

(169 N. W. 807.)

Action on promissory note — by holder — claim of purchase before maturity for value — defenses — not so purchased by plaintiff — canceled by payee after maturity — conflicting evidence — verdict of jury on — cannot be disturbed when there is support in the evidence.

In an action brought upon a promissory note by the holder thereof, who claimed to have purchased the same before maturity for value, one of the defenses to the note was that it was not purchased by the plaintiff before maturity, and that after maturity of the note the defendant was released therefrom by the payee in said note and the note canceled as to the defendant. There being conflicting testimony in this regard, and the jury having found a verdict in favor of the defendant, it is *held*, upon examination of the evidence, that the verdict is supported thereby.

Opinion filed November 18, 1918.

Appeal from the District Court of Steele County, Honorable *A. T. Cole*, Judge.

Affirmed.

*Charles Simon*, for appellant.

It is essential that there should be some valid consideration for the release of an obligation, such as a promissory note. Such should also be pleaded and proved. 7 Cyc. 737.

Mere voluntary declarations made by a creditor that a debtor is discharged or released do not bind him. 34 Cyc. 1048; Hayes v. Massachusetts Mut. Ins. Co. 125 Ill. 626, 1 L.R.A. 303, 18 N. E. 322; Bender v. Been, 78 Iowa, 283, 5 L.R.A. 596, 43 N. W. 216.

An obligation is extinguished by a release therefrom given to the debtor by the creditor upon a new consideration, or in writing, with or without a new consideration. Gilson v. Nesson, 17 L.R.A.(N.S.) 1208; Comp. Laws 1913, § 5833.

The sufficiency of the new agreement and the consideration therefor are questions for the court, and not for the jury, and there is nothing here upon which to base the verdict rendered. Evans v. Oregon & W. R. Co. 28 L.R.A.(N.S.) 455.

*C. S. Shippy,* for respondent.

Where two parties own property together, and one sells out to the other, and as a part consideration the buyer assumes and agrees to pay a note of seller, and the holder of the note assents to such agreement, this affords a good consideration for the release of the maker. Comp. Laws 1913, § 5833; Jones v. Austin, 59 N. E. 1082; Averill v. Wood, 44 N. W. 381; Hall v. Smith, 14 Iowa, 584; Babcock v. Hawkins, 23 Vt. 561; Booth v. Dexter Steam Fire Engine Co. 24 So. 205; Akers v. Phillips, 22 Ky. L. Rep. 813, 58 S. W. 790; Brink v. Stratton, 188 N. Y. 620, 81 N. E. 1160; Reeves v. Letts, 143 Mo. App. 196, 128 S. W. 246.

In the absence of statute, releases are not required to be in writing, and they may be express as well as implied from the acts of the parties and the circumstances of the case. Jackson v. Lalicker, 99 N. W. 32; 34 Cyc. 1047; National Bank v. Guthrie, 11 S. D. 517, 78 N. W. 995.

GRACE, J. Appeal from the District Court of Steele County, Honorable A. T. Cole, Judge.

This action is brought on a promissory note executed and delivered by A. H. Lindeman and H. C. Frederick to Otto Thress, who, it is alleged, assigned and delivered before maturity for a valuable consideration the note to Asa Gardner. The note is for the sum of $184.50 and interest from the 11th day of February, 1911, at 12 per cent per annum. Complaint is in the ordinary form. The action is brought only against A. H. Lindeman. The defendant admits the execution and delivery of the note by H. C. Frederick and himself to Otto Thress. He denies that before maturity said note was assigned and delivered to Asa Gardner or anyone else, and alleges that the said Asa Gardner purchased said note, if at all, after the maturity thereof. It appears the note in question was executed by Frederick and the defendant to Thress for the purchase price of certain personal property. Defendant alleges, in substance, that such personal property was purchased from Otto Thress about February 11, 1911; that immediately thereafter Frederick, Otto Thress, and the defendant met in the office of Otto Thress, and entered into an agreement, contract, and understanding whereby in consideration of the sale by the defendant of all his

right, title, and interest of, in, and to the said personal property so purchased by said Frederick and this defendant from Thress, the said Frederick undertook, promised, and agreed to pay and assumed the obligation to pay, at maturity, the said promissory note; that it was then and there distinctly understood and agreed by and between Frederick, Thress, and the defendant that the defendant should and would be entirely released and discharged from all liability upon said note, and the same should and would be the sole and individual obligation and liability of Frederick, to whom, the defendant thereupon sold and delivered his interest in said personal property; that said Thress agreed to and thereupon did cancel and discharge said note and obligation so far as the defendant was concerned. The only facts in dispute are the sale, assignment, and delivery of the note to Asa Gardner by Thress, and the alleged agreement of Thress to cancel and discharge the note and obligation so far as the defendant was concerned. The case was tried to the court and jury. A verdict was returned in favor of the defendant. The plaintiff made a motion for a directed verdict and a motion for a judgment notwithstanding the verdict. Each of said motions was overruled. The appeal is from the judgment and from the order denying a judgment notwithstanding the verdict.

The defendant, in his testimony, describes the property for which the note was given as two buggies, one harness, and one horse. He identified the note in question as the one which he and Frederick executed. He then testified to the selling of his interest in the property to his partner, Frederick. He testified to this transaction as taking place in Thress' office, and stated the time was the 14th day of June, 1911. His testimony shows that when he went to Thress' office he told him about the sale and that he wanted to be released from the note and that Thress said, "That will be all right," and that Thress said he would release him, that the note was there, and that he would cancel his name from the note, and that Lindeman turned over his interest in the property to Frederick. Thress' testimony is to the effect that he sold the note to Asa Gardner about a week after its date and received from him the full face value of the note. He also denies entering into any contract or agreement releasing and discharging the defendant from liability upon the note, or any agreement to cancel and discharge said note and obligation so far as defendant is concerned. There is a

direct conflict in the evidence of Thress and the defendant relative to the sale, assignment, and delivery of the note, and with reference to the alleged agreement between Thress and the defendant with reference to releasing defendant from the note and canceling the note and obligation. Each of these questions and the credibility of the witnesses was for the jury. Its verdict was in favor of the defendant, and there is evidence to sustain the verdict. Appellant relies upon the further point that the alleged agreement was not in writing, and for this reason could not be urged as a legal defense, and further that there was no consideration for the agreement moving to the payee. We are of the opinion that appellant must fail in each of these contentions. The testimony of the defendant shows the alleged agreement, entered into on the 14th day of June, 1911, which was after the maturity of the note, between Thress and the defendant, was then and there fully executed and completed, and nothing remained to be done in the future. According to Lindeman's testimony it was not an agreement to do something in the future, but was one which was then and there fully and completely executed and carried out. This being true, it was not necessary that the agreement be in writing. It also appears from the testimony that at the time of the alleged agreement the defendant turned his interest in the property over to Frederick and thus parted with value, all of which was in the presence of Thress. As we view it, this would be sufficient consideration for the release of the defendant from the note by Thress.

As to the consideration of the release, it may consist of some detriment to the releasee or some benefit to the releasor moving from the releasee or someone in his behalf. The consideration must be, in such cases, either a legal or valuable consideration, as distinguished from a good consideration which is based on relationship or affection, etc. The consideration may move from a third person on behalf of the releasee to the releasor, or from the releasee to a third person at the request or by the acquiescence of the releasor, and, in such cases, it is considered an adequate consideration. 34 Cyc. 1050. It is not necessary to cite further authority in this regard. The jury are the exclusive judges of the facts, and, in this case, must have determined that the note was not sold, assigned, or delivered to Asa Gardner before

maturity, and that the agreement, testified to by defendant, was made, and there is sufficient testimony to sustain its verdict.

There was no error in the instructions of law as given by the court. The judgment is affirmed, with costs.

CHRISTIANSON, J. (concurring specially). The jury by its verdict in this case found that the plaintiff is not a holder in due course of the note involved in this action. The finding of the jury on this question is not assailed on this appeal, and hence is conclusive upon this court. The plaintiff, therefore, stands in the same position as the original payee, Otto Thress. And in my opinion the evidence on the part of the defendant justified the jury in finding that the defendant had been released and discharged from all liability on the note. I therefore concur in an affirmance of the judgment and order appealed from.

ROBINSON, J. (concurring specially). The plaintiff brought this action as the administrator of Asa Gardner, and he avers that in February, 1911, the defendant and H. C. Frederick for value made to Otto Thress a promissory note for $184.50 and interest, payable June 11, 1911, and that for value and before maturity Otto Thress indorsed the note to Asa Gardner. The answer is that the note was given for personal property purchased by the makers from Otto Thress; that it was not transferred till after maturity; that while Otto Thress held the note, he agreed to release defendant in consideration of his selling and releasing his interest in the property to the other maker of the note.

On the trial Thress testified that he sold the note for its face value a week after it was made. Lindeman testified that on June 14, 1911, at the time of bargaining to sell his interest in the property to his partner, the other maker of the note, he went to the office of Otto Thress to get a release from the note: He says: "We told him about the sale and wanted to be released from the note and he says, 'That is all right.' Q. He had the note there did he? A. Yes, sir." Now a contract is an agreement or a consideration to do or not to do a particular thing, and a contract of release from a note is precisely the same as any other contract. Otto Thress had sold the property to the

makers of the note, and if he agreed to release one maker of the note in consideration of his releasing and transferring his interest in the property to the other maker, that was a sufficient consideration. The case presents only two points of dispute on which there was a direct conflict of testimony, and the jury found for defendant and the court denied a motion for a new trial.

The case was poorly tried. The testimony is far from satisfactory. However, the sum in controversy is small, and it was for the jury to do the guessing. The charge of the court was correct and the law of the case is very simple. If to secure a release from the note the plaintiff transferred his property to his partner, the consideration was just as good as if the transfer had been made to Otto Thress himself. It was an executed oral agreement (Comp. Laws, §§ 5938, 5921). The consideration was sufficient (Comp. Laws, § 5872).

Judgment affirmed.